**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE ARMANDO MARTINEZ CORRALES,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-3013-SLP** |
| **DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jose Armando Martinez Corrales, a noncitizen[1] and Cuban national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). He also filed a Memorandum of Law in Support of Petitioner for Writ of Habeas Corpus, Doc. 2, and a supporting Declaration, Doc. 3. Chief United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 7. The undersigned set an expedited briefing schedule, Doc. 9, and the Petition is at issue. Petitioner also filed an Emergency Motion for Expedited Consideration. Doc. 4.

For the reasons below, the undersigned recommends that the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

§ 1226(a) within seven days or otherwise to release him if there is no hearing within that time. Adoption of this recommendation would moot Petitioner's pending motion.

## I. Background

Petitioner, a citizen of Cuba, entered the United States on or about December 21, 2023, and applied for admission at the port of entry in Nogales, Arizona. Doc. 11-1 (Notice to Appear); Doc. 1-2 at 4 (I-94); Pet. at 10.[2] The same day, ICE placed Petitioner into removal proceedings before the Immigration Court under 8 U.S.C. § 1229a through the issuance of a Notice to Appear ("NTA") and charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of valid documents at the time of entry. Doc. 11-1 at 1, 4. ICE granted Petitioner parole into the United States under 8 U.S.C. § 1182(d)(5)(A). Doc. 11-1 at 1; Pet. at 10.[3]

On July 12, 2025, Petitioner was arrested by the Arlington Police Department for driving while intoxicated. Doc. 11-2 at 2 (Record of Deportable/Inadmissible Alien). On August 9, 2025, he was transferred to ICE custody and administratively processed on August 10, 2025. *Id.*; Doc. 11-3 at 1 (Warrant for Arrest of Alien). Petitioner has remained in ICE custody. Pet. at 9-10. On April 29, 2026, an Immigration Judge ("IJ") denied Petitioner's application for asylum and withholding of removal, and the IJ ordered him removed to Cuba. Doc. 11-4 at 1, 3 (IJ Order). On May 26, 2026, Petitioner appealed the

---

[2] Citations to all filings use the CM/ECF page numbers in the documents' headers.

[3] From context, it is clear the NTA's reference to "Section 215(d)(5) of the Immigration and Nationality Act" is meant to reference § 212(d)(5), which is codified at 8 U.S.C. § 1182(d)(5). Doc. 11-1 at 1; *see also* Resp. at 2-3 (discussing § 1182(d)(5)).

removal order to the Board of Immigration Appeals,[4] and the appeal is pending. *See* EOIR, Automated Case Information, at https://acis.eoir.justice.gov/en/ (last visited Nov. 24, 2026). Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

Respondents contend Petitioner is detained under 8 U.S.C. § 1225(b)(1) as an "arriving alien." Resp. at 2-3. Petitioner did not allege he requested a bond hearing. Such a request, though, would likely be futile because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Nov. 24, 2026).

## II. Petitioner's Claims

Petitioner asserts four counts in his Petition and generally alleges a violation of his rights to due process. He claims his "16 month total detention violates the Fifth Amendment, without judicial review or release." Pet. at 6. Petitioner further alleges his "continued detention is arbitrary and serves no legitimate government interest." *Id.* He also claims he has been "subjected to conditions that amount to punishment" and

---

[4] Respondents maintain "Petitioner has failed to appeal" his order of removal. Resp. at 2. But EOIR case information online shows an appeal, which is consistent with the evidence submitted with the Petition, Doc. 1-2 at 2, and Petitioner's Reply, *see* Doc. 12 at 2.

"transform[] this administrative stay into a punitive sentence." Doc. 2 at 2; *see also* Pet. at 10-11. Petitioner seeks "immediate release from custody." Pet. at 7.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

While Petitioner does not explicitly allege a violation of the Immigration and Nationality Act ("INA") in the Petition, to determine what process is due to him, the Court must first analyze what provision governs his detention. The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing 8 U.S.C. § 1225(b)(1)).

> Aliens who have not been admitted or paroled into the United States and who have not satisfactorily demonstrated to an immigration officer that the alien has been physically present in the United States continuously for the prior two years are subject to expedited removal without further hearing or review, unless the alien indicates an intention to apply for asylum or a fear of

> persecution, at which point the immigration officer shall refer the alien for an interview by an asylum officer.

*Id.* (citing 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)). Section 1225(b)(1)(B)(ii) further requires that, if an asylum officer determines that a noncitizen has a credible fear of persecution, the noncitizen shall be detained for further consideration of the application for asylum.

Fundamentally, under § 1225(b)(1)(A)(i), a noncitizen who arrives at a port of entry and applies for admission is ordered removed "without further hearing or review unless the [noncitizen] indicates either an intention to apply for asylum" or expresses "a fear of persecution." If Petitioner is subject to this "expedited removal" under § 1225(b)(1), he is not entitled to a bond hearing. But noncitizens detained under § 1225(b)(1)(B)(ii) can be paroled under 8 U.S.C. § 1182(d)(5)(A). On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges his continued detention "without judicial review" over the past 16 months violates due process, Pet. at 6, which the undersigned construes to be a request for a bond hearing and release under § 1226(a). Respondents maintain Petitioner is properly detained under § 1225(b)(1) because his status returned to that of an "arriving alien" when his parole was terminated. Resp. at 2-3.

Petitioner was apprehended in the interior of the country in July 2025 by local Texas officers and had been living in the United States for more than 18 months after he was

granted parole in December 2023. The undersigned finds it implausible under these circumstances that Petitioner remains an "arriving alien." Under § 1225(b)(1), "someone arriving in the United States is someone who has reached the border or a port of entry." *Rafibaev v. Noem*, No. 26-CV-461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (citation modified). Thus, "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen *arriving* in the United States." *Id.* (emphasis added) (citation modified).

This Court has previously concluded "§ 1225(b)(1) doesn't apply in circumstances where the noncitizen has resided in the United States before their parole under § 1182(d)(5) is revoked." *Pena Rebolledo v. Figueroa*, No. CIV-26-959-SLP, 2026 WL 2211681, at *1 (W.D. Okla. July 31, 2026); *see also Manzano Guere v. Warden*, No. CIV-26-1906-SLP, 2026 WL 3549029, at *1 (W.D. Okla. Nov. 18, 2026) (collecting cases); *Sukuev v. Gantt*, No. CIV-26-532-SLP, 2026 WL 2323188, at *1 (W.D. Okla. Aug. 11, 2026) (same). Accordingly, Judges in this District, including this Court, have held a noncitizen re-detained after revocation of § 1182(d)(5) parole is held under § 1226(a), and "because Respondents have not shown that § 1225(b) applies, the more general provisions of § 1226 govern Petitioner's detention." *Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026); *see also Manzano Guere*, 2026 WL 3549029, at *1 (finding a similarly situated petitioner's "detention is governed by § 1226(a)"); *Sukuev*, 2026 WL 2323188, at *1-2 (same); *Pena Rebolledo*, 2026 WL 2211681, at *1-2 (same). Therefore, consistent with its prior decisions in related cases, this Court should apply § 1226(a) to govern Petitioner's current detention.

**B. The proper remedy is a bond hearing.**

Petitioner seeks immediate release. Pet. at 7. The undersigned, however, concludes a bond hearing before an IJ is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *see also Aitiev*, 2026 WL 2125893, at *2 (citing *Santillan Quiroz* and finding "that a bond hearing is the proper remedy" where "the more general provisions of § 1226 govern" rather than § 1225(b)(1)); *Manzano Guere*, 2026 WL 3549029, at *2 (same); *see also Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("An individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute.").

Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026) (declining to address petitioner's burden-shifting claim). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[5]

[5] While Judges in this District have considered release for noncitizens whose earlier parole under § 1182(d)(5) was improperly revoked, the undersigned concludes here Petitioner has not sufficiently raised a claim alleging the circumstances of his parole revocation and re-

**C. The Court should decline to address Petitioner's remaining claim.**

Petitioner also challenges his prolonged detention and conditions of confinement,[6] and he alleges his detention is arbitrary and serves no purpose. Pet. at 6, 10. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of his remaining claims. *See, e.g.*, *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)).[7]

## V. <u>Petitioner's Emergency Motion for Expedited Consideration</u>

Contemporaneously with his Petition, Petitioner filed an Emergency Motion for

---

detention entitle him to release rather than a bond hearing. *Accord Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole). Further, Judges in this District have recently declined to find termination of parole under § 1182(d)(5)(A) entitles a noncitizen to release. *See, e.g., Aitiev*, 2026 WL 2125893, at *2 (finding a similarly situated petitioner "ha[d] a protected liberty interest in remaining out of custody" but declining to hold re-detention in violation of § 1182(d)(2) entitle[d] him to additional relief). Accordingly, the undersigned does not address such a claim or recommend Petitioner's release on that basis.

[6] A petitioner who challenges "the fact or duration" of his confinement and seeks release from ICE custody must bring a § 2241 habeas petition, but a detainee's challenge to "the conditions of his confinement must" be brought through a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). As such, to the extent Petitioner challenges his conditions of confinement, Pet. at 10-11, such a claim is not properly raised in this Petition. *See, e.g.*, *Ndou v. Noem*, 833 F. Supp. 3d 1192, 1199 (D.N.M. 2026) (finding an immigration habeas petitioner's "claims related to conditions of confinement [were] properly raised under a civil rights action, not a habeas corpus petition").

[7] Petitioner's reliance on *Zadvydas v. Davis*, 533 U.S. 678 (2001), is premature. Pet. at 10. *Zadvydas* applies after an order of removal is final. *See* 533 U.S. at 683.

Expedited Consideration. Doc. 4. Adoption of this Report and Recommendation would moot the pending motion.

## VI. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. Adoption of this recommendation would **MOOT** Petitioner's pending Emergency Motion for Expedited Consideration, Doc. 4.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **December 3, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **December 8, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 24th day of November, 2026.

Chris M. Stephens
________________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE